## L. 0. Foster, Appellee, v. Walker Smith, Appellant.

1. SALES—*when recovery cannot be had for breach of warranty.* If a horse die by reason of an ailment not existing at the time of the sale thereof and not relating to the warranty alleged to have been made, no recovery can be had for breach of warranty.

2. MEASURE OF DAMAGES—*in action for breach of warranty.* The measure of damages in an action for breach of warranty is the difference between the value as warranted and its value at the time of the purchase.

Appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1911.

Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied and opinion modified November 8, 1911.

B. F. SHIPLEY and HERRICK & HERRICK, for appellant.

L. E. STONE, for appellee; W. F. GRAY, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant for alleged breach of warranty of a team of horses, sold by defendant to the plaintiff. It is sought to recover not only damages for breach of warranty but also the purchase price paid by plaintiff to defendant for the horses. Trial below resulted in a judgment against defendant for $449.14. It is to reverse this judgment that this appeal is prosecuted.

The record discloses that the plaintiff purchased from defendant a team of horses, that plaintiff paid for the team, took possession thereof and that some time after, while plaintiff still retained and had possession of this team, one of the horses died but that its death was not caused by reason of any ailment or defect that existed at the time of the purchase and sale and plaintiff having taken possession of, kept and retained this horse and its death having occurred by reason of an ailment not existing or relating to the warranty alleged to have been made, plaintiff cannot recover the value of this horse from the defendant, but the loss under such circumstances must be borne by the plaintiff. While there is evidence in this record tending to show a warranty and a breach thereof, the question as to whether the horses were warranted as claimed is a question of fact that must be determined by a jury from all the evidence in the case under proper instructions of the court, and the basis of recovery upon proof of the warranty and breach thereof is not

the purchase price paid, but is the difference between their value if they had been as warranted and their actual value at the time of purchase.

Plaintiff not only retained possession of the horses and lost one by reason of death, but the jury awarded him as damages more than the contract price paid to the defendant, without any competent proof on the proper measure of damages.

It is contended that by reason of a subsequent agreement made between the parties the loss of the horse by death must be borne by the defendant, but the evidence discloses this agreement was never executed but was only executory and the contention of plaintiff that by reason of this executory agreement the loss must be borne by the defendant is not tenable.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*