## L. O. Foster, Appellee, v. Walker Smith, Appellant.

1. SALES, § 283*—*questions for jury.* In an action for breach of warranty in the sale of a team of horses, the questions whether a warranty was made, or if made whether the buyer relied upon the warranty in making the purchase, or relied on his own test of the horses, are for the jury.

2. SALES, § 352*—*when buyer not entitled to recover money paid for breach of warranty.* In an action for the breach of a warranty of a team of horses and for a return of the purchase price, where the horses were purchased as a team, and no specific price paid for either horse, the buyer being unable to return the team by reason of the death of one of the horses cannot recover the purchase price paid, but must recover if at all on the breach of the warranty, if one was made and proved.

3. SALES, § 402*—*when instruction as to measure of damages for breach of warranty erroneous.* Instruction as to measure of damages in an action for breach of a warranty in the sale of a team of horses, *held* erroneous.

4. SALES, § 392*—*when seller's ignorance does not defeat recovery for breach of warranty.* In an action for the breach of warranty of the soundness of a team of horses, the seller cannot defeat recovery for breach of warrant by showing that he did not know the condition of the horses at the time of the warranty.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

5. Instructions, § 88*—*preponderance of the evidence.* Instruction as to the manner of determining wherein the preponderance of the evidence lies, *held* misleading.

6. Appeal and error, § 1561*—*when refusal of requested instruction harmless.* Refusal of requested instruction fully covered by other instructions given is not error.

7. Appeal and error, § 1833*—*when special pleas filed after remandment of cause demurrable.* After reversal by the Appellate Court of a former judgment and the reinstating of the cause in the trial court, special pleas filed by defendant setting up the judgment of Appellate Court and presenting as an issue of fact what was determined by such court on its former hearing, *held* demurrable.

8. Appeal and error, § 1514*—*when improper remarks of counsel prejudicial.* Inflammatory and improper statements made by counsel in his argument to the jury, among them being a statement that he did not care what the Appellate Court said in its opinion on a prior appeal in the cause, *held* prejudicial.

Appeal from the Circuit Court of De Witt county; the Hon. William G. Cochran, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed October 16, 1913.

B. F. Shipley and Herrick & Herrick, for appellant.

Stone & Gray, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

This cause was previously in this court (163 Ill. App. 613), and the former judgment recovered was reversed and the cause remanded. We have no desire to change in any particular what was then said by this court concerning the measure of damages in a case of this kind. Upon the former hearing the only question this court determined was the proper measure of damages, and that appellee could not recover the purchase price of the horse that died.

After purchasing the team in question appellee had it in his possession for several weeks, during that time one of the horses died, he then returned the other horse to appellant and demanded the return of the purchase

price. The death of the horse was not caused by reason of any ailment existing at the time of the purchase.

The evidence on the second trial is that appellant sold to appellee a team of horses; appellee insists that the team was warranted to be sound, but notwithstanding this warranty, appellee made some tests for the purpose of ascertaining for himself their condition before taking them, and the question as to whether the warranty was made and whether, if one was made, appellee relied upon the warranty in making the purchase or relied upon his own test of the horses were both questions of fact for the determination of the jury from all the evidence in the case under proper instructions by the court. Upon the former hearing this court did not hold, as contended for by appellant, that no recovery could be had for a breach of warranty of the horse that died. The holding of this court at that time was that no recovery could be had for the return of the purchase price of that horse. These horses were purchased as a team, and no specific price was paid for either horse, and appellant being unable to return the team by reason of the death of one of the horses, he could not recover the purchase price paid, but must recover, if at all, on a breach of warranty if one was made and proved.

Instruction number four given on behalf of appellee does not follow the rule held by this court upon the former hearing as to the true measure of damages in this case, but instructs the jury that if they find for the plaintiff, then they shall arrive at the amount of his damages in a manner contrary to the holding of this court upon the former hearing. This instruction as given is not a correct statement of the law as to the measure of damages, and it was error to give it. It is contended by appellant that if the horses were unsound, this fact was unknown to him, and that he should have been permitted to show this fact. If appellant warranted these horses as contended for by appellee, and guaranteed them to be sound, then it is

immaterial whether appellant knew that the horses were unsound or not, and he cannot be permitted to defeat a recovery for a breach of warranty by showing that he did not know the condition of the horses at the time of the warranty.

The eighth instruction given on behalf of appellee should not have been given, as it could only tend to mislead the jury and is in direct conflict with instruction number nine given on behalf of appellant, which was properly given.

Instruction number twelve for appellee is also erroneous for the reason stated herein concerning instruction number four regarding the question of the measure of damages.

The court did not err in refusing instructions number twenty-one and twenty-two requested by appellant for the reason that the questions therein presented were fully covered by the other instructions given for appellant.

After the reversal of the former judgment and the reinstating of the cause in the trial court, appellant filed special pleas setting up the judgment of this court and thus presenting as an issue of fact what was determined by this court in its former hearing. The court properly sustained a demurrer to these pleas.

The first instruction given to the jury on behalf of appellee as to the manner of determining wherein the preponderance of the evidence lies is misleading. The correct rule laid down as to the preponderance of the evidence will be found in *Elgin, J. & E. Ry. Co. v. Lawlor,* 229 Ill. 621.

It is insisted by appellant that counsel for appellee in his argument to the jury not only went entirely outside of the record but used many inflammatory and improper statements to the jury, and among these statements counsel repeated the second time that he did not care what the Appellate Court said in its opinion. While the remarks of counsel throughout the argument were subject to severe criticism and should not

have been permitted by the court, we would be inclined to reverse this case upon the remarks of counsel alone, if we were not compelled to reverse it by reason of errors in the record; we will not criticise his actions further than to say that he should be more careful in the future, as this court will not permit a verdict to stand where it can see that improper and undue remarks made by counsel have influenced the jury in arriving at their verdict.

By reason of the error of the trial court in giving instruction number four, eight and twelve, the judgment is reversed and the cause remanded.

*Reversed and remanded.*